## REUBEN WILLEY *vs.* MARGERY NICHOLS.

*Pleading. Description of land in writ of entry—what is sufficient.*

The declaration in a writ of entry should describe the demanded premises clearly, and without reference to papers or records, *dehors* the writ; but such a reference will not vitiate the declaration if the description is complete without it.

A description of the demanded premises in a writ of entry is sufficient if it gives the number of the lot, when the lot has been actually run out and numbered, the number of the lot in such case becoming, for the purpose of identification its name.

" So much of the Hunnewell farm, so called," in a town and county named, " as is contained in lots two, three, and four, according to the division of said farm made by commissioners of partition, appointed by the supreme judicial court, on the petition of B. P. Hunnewell; said lots are adjoining each other, and containing in all eighty acres, more or less; said lot two being the same set off by said commissioners to Jonas Hunnewell; said lot three the same set off to Eliza Willey; and said lot four the same set off to Bethana Bruce," is a sufficient description of the premises demanded in a writ of entry.

ON EXCEPTIONS.

WRIT OF ENTRY to recover possession of land under mortgage to the plaintiff.

The defendant demurred specially to the declaration assigning for a cause that the premises were not sufficiently described in the declaration.

The description will be seen in the opinion.

On joinder of the demurrer, the presiding judge overruled the demurrer and adjudged the declaration good; whereupon the defendant alleged exceptions.

*C. Record,* for the defendant.

The premises must be clearly described, *Wyman* v. *Brown*, 50 Maine, 139.

The description in a writ of entry must be so certain that seisin may be delivered by the sheriff without reference to any description *dehors* the writ. *Atwood* v. *Atwood*, 22, Pick. 283; *Flagg* v. *Bean*, 5 Foster (N. H.), 49; *Riley* v. *Smith*, 9 Allen, 370; *Munson* v. *Munson*, 30 Conn. 425.

*S. & J. W. May*, for the plaintiff, cited *Propr's of Ken. Pur.* v. *Lovell*, 2 Maine, 149; *Elliott* v. *Heath*, 6 N. H. 426; Jackson on Real Actions, 57; *Seward* v. *Jackson*, 8 Cow. 427; *Bean* v. *Snyder*, 11 Wend. 593; *Chase* v. *McLellan*, 49 Maine, 375.

WALTON, J. It is undoubtedly true, that in a writ of entry the premises demanded should be clearly described; and that the description ought to be complete without reference to any papers or records *dehors* the writ. But it is well settled that if the description in the writ is of itself sufficiently complete, the addition of a reference to a record or deed, or other document (although a very bungling way of pleading) will do no harm. And it is also well settled that when land has been run out and lotted, and the lots numbered, a description of one of these lots may be by reference to its number. In such cases the number of the lot, for the purpose of identification, becomes its name; and may, upon inquiry, be as readily found, as any one of the numerous streets, which, in many cities, are known only by their number.

But it is said that the description should be so certain as to enable the officer to deliver seisin without reference to any description outside of his precept. This is true only in a limited sense. Neither a parcel of land, nor a person, can be so described as to preclude inquiry. An officer, for instance, is required to arrest some one who is a stranger to him. His name, and residence, and occupation, will not alone enable the officer to find and identify him. These may be sufficient to enable him, on inquiry, to find him. So, in a writ requiring an officer to deliver seisin of a parcel of real estate. Neither the range, nor the number of the lot, nor any

other name by which it may be known, will enable the officer to do so, without inquiry. But when a parcel of land has been run out and its boundaries marked upon the face of the earth, it can as readily be found and identified by its number, as by any other name or description. Hence such a description has always been held sufficient.

The description in this case is as follows: "A certain piece or parcel of land, situate in Durham in the county of Androscoggin, and being a part of the Andrew Hunnewell farm, so called, and including so much of said farm as is contained in lots two, three, and four, according to the division of said farm made by commissioners of partition, appointed by the supreme judicial court, on petition of Byron P. Hunnewell; said lots all adjoining each other, and lying in one parcel, and containing in all eighty-two acres, more or less; said lot two being the same set off by said commissioners to Jonas Hunnewell; said lot three the same set off to Eliza Willey; and said lot four the same set off to Bethana Bruce; judgment having been entered on the report of said commissioners at the January term of said court, 1868, in said county of Androscoggin; and the said report and judgment are referred to for metes and bounds and more particular description of said premises."

If there was no other description of the premises than the reference to the records of this court, we should hold it insufficient. But such is not the case. The town, the farm, the fact that the farm had been partitioned and lotted, and the lots numbered, and the persons to whom the lots had been severally assigned, and approximately the number of acres, are all mentioned and described without any such reference.

We cannot doubt that the description is sufficient, and that a reasonably intelligent officer would be able to find and deliver seisin of the premises, without going to the county records for aid.

<em>Exceptions overruled.</em>

<em>Declaration adjudged good.</em>

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.